IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | | |
|---|---|---|---|
| LARRY R. HARVEY, | ) | | |
|     Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action No. 5:13-cv-00074 | |
| | ) | | |
| CAROLYN W. COLVIN, | ) | | |
| Acting Commissioner of Social Security, | ) | By: | Joel C. Hoppe |
|     Defendant. | ) | | United States Magistrate Judge |

**REPORT AND RECOMMENDATION**

Plaintiff Larry R. Harvey brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). On appeal, Harvey argues that the Commissioner erred in failing to consider the combined effects of his impairments, in failing to call a vocational expert, and in discounting the opinions of his treating physician and a consulting psychologist. Harvey also argues that the Administrative Law Judge ("ALJ") in this case is biased. Harvey requests that the Court reverse the Commissioner's decision and award benefits or, in the alternative, remand the case for further administrative proceedings.

After briefing was completed in this case, Harvey filed with this Court a notice of award of benefits from the Social Security Administration informing him that the Commissioner had approved a subsequent claim for benefits and found him disabled as of August 21, 2012—one day after the previous ALJ found him not disabled. Because the subsequent award of benefits and some medical evidence constitute new and material evidence and because Harvey had good cause for not presenting these records to the ALJ, I respectfully recommend that the Court deny without prejudice the parties' cross-motions for summary judgment, grant the Commissioner's

1

motion to remand, and remand this case to the Commissioner pursuant to the sixth sentence of 42 U.S.C. § 405(g).

I. Standard of Review

The Social Security Act authorizes this Court to review the Commissioner's final determination that a person is not entitled to disability benefits. *See* 42 U.S.C. §§ 405(g) (DIB); *see also Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). The Court's role, however, is limited—it may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of agency officials. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Instead, the Court asks only whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011).

Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla" of evidence," *id.*, but not necessarily "a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence review takes into account the entire record, and not just the evidence cited by the ALJ. *See Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984); *see also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–89 (1951). Ultimately, this Court must affirm the ALJ's factual findings if "'conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled.'" *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted)). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

A person is "disabled" if he or she is unable engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Social Security ALJs follow a five-step process to determine whether an applicant is disabled. The ALJ asks, in sequence, whether the applicant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals an impairment listed in the Act's regulations; (4) can return to her past relevant work based on his or her residual functional capacity; and if not (5) whether he or she can perform other work. *See* 20 C.F.R. § 404.1520(a)(4); *see also Heckler v. Campbell*, 461 U.S. 458, 460–462 (1983). The applicant bears the burden of proof at steps one through four. *Hancock*, 667 F.3d at 472. At step five, the burden shifts to the agency to prove that the applicant is not disabled. *See id.*

II. Procedural History

Harvey was born in 1955 (Administrative Record, hereinafter "R." 25), and during the relevant period was considered an "individual of advanced age" under the Act. 20 C.F.R. § 404.1563(b), (e). He has a General Equivalency Diploma ("GED") and in the past fifteen years has worked as a delivery driver, general manager at a car dealership, and contractor. (R. 148, 153–56.) He also graduated from the police academy and has worked as a law enforcement officer for 16 years. (R. 36, 48–49, 148.)

Harvey alleges that he became disabled on October 22, 2010, due to anxiety, depression, hypertension, and back pain. (R. 16–17, 26, 144, 147, 187.) After the Commissioner rejected Harvey's application initially and upon reconsideration, a hearing was convened before an Administrative Law Judge ("ALJ") at Harvey's request. (R. 14, 30–52.) Harvey testified at the hearing, but the ALJ did not call a vocational expert. (R. 30–52.)

3

On August 20, 2012, the ALJ issued his decision finding Harvey not disabled under the Act. (R. 14–26.) The ALJ found that Harvey suffered from severe anxiety and depression, but that Harvey's impairments did not meet or medically equal the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 16–18.) The ALJ found that Harvey retained the capacity to perform simple unskilled work at all exertional levels, but with only occasional contact with the general public. (R. 19–25.) In reaching this conclusion, the ALJ considered and rejected opinions from Dr. David Leen, a psychologist the agency hired to perform a consultative examination of Harvey, and Dr. Deborah Nio, M.D., Harvey's primary care physician. (R. 24–25.) Although the ALJ found that Harvey cannot perform any of his past relevant work, he also found that Harvey could perform work that exists in significant numbers in the national economy. (R. 25–26.) The ALJ reasoned that the Medical Vocational Guidelines ("the Grids") would dictate a finding of not disabled for a person of advanced age who can perform unskilled work at all exertional levels, and Harvey's only additional limitation of at most occasional contact with the general public has "little or no effect on the occupational base of unskilled work at all occupational levels" according to Social Security Ruling 85-15. (R. 25–26.) When the Appeals Council denied Harvey's request for review, the ALJ's decision became the Commissioner's final decision. (R. 1–3.)

Harvey sought judicial review of the decision denying benefits on July 12, 2013. (ECF No. 1.) The Commissioner filed the administrative record on November 19, 2013, and both parties moved for summary judgment and filed briefs in support. (ECF Nos. 6, 9, 10, 13, 14.) Roughly a month and a half after the Commissioner filed her summary judgment brief, Harvey's attorney filed a notice indicating that Harvey had been found disabled and awarded benefits on a subsequent application. (ECF No. 16.) After oral argument, I ordered Harvey to file with the

Court any additional evidence upon which the subsequent disability award was based. (ECF No. 19.) Harvey filed a brief and exhibits. (ECF No. 20.) In response, the Commissioner moved the Court to remand the case under sentence four of 42 U.S.C. § 405(g). (ECF No. 21.) Harvey opposes this motion. (ECF No. 24.)

III. Discussion

In his three-page brief, Harvey raises a number of arguments in a cursory fashion. He argues that the Commissioner erred in failing to consider the combined effects of his impairments, in failing to call a vocational expert, and in discounting the opinions of his treating physician and a consulting psychologist. (Pl. Br. 2.) He also argues that the ALJ in this case is biased. (Pl. Br. 2.) Each argument consists of one or two sentences with no citations to statutes, regulations, or case law. The Commissioner argues that Harvey has not adequately developed these arguments and that "substantial evidence supports the ALJ's finding that [Harvey] was not disabled under the Act." (Def. Br. 6, 7.) I find it unnecessary to address most of these issues in this Report and Recommendation because remand is warranted for consideration of new and material evidence that Harvey had good cause for not submitting at the administrative level.

On March 10, 2014, nearly two months after briefing in this case was completed, Harvey filed through his attorney a Notice from the Social Security Administration dated March 1, 2014, awarding him disability benefits beginning in February 2013. (ECF No. 16-1.) The notice indicates that the agency found that Harvey "became disabled under our rules on August 21, 2012"—one day after the prior ALJ decision. (ECF No. 16-1 p. 1.) Harvey's attorney did not explain what effect this notice should have on the Court's disposition of the case. My own research, however, leads me to recommend that the Court remand this case for further proceedings so that the Commissioner can determine in the first instance whether the subsequent

5

award of benefits and the evidence presented with that application warrant revisiting the ALJ's decision in this case.

The sixth sentence of 42 U.S.C. § 405(g) allows a court to "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." When a district court remands under this sentence, it "does not affirm, modify, or reverse the [Commissioner's] decision [or] rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence may have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

"Evidence is 'new' if it is not duplicative or cumulative, and is material 'if there is a reasonable possibility that the new evidence would have changed the outcome.'" *Davis v. Barnhart*, 392 F. Supp. 2d 747, 750 (W.D. Va. 2005) (quoting *Wilkins v. Sec'y of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991)); *see also Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). In addition, the claimant must show good cause for his or her failure to submit the evidence when the claim was before the Commissioner and "must present the remanding court at least a general showing of the nature of the new evidence." *Owens v. Astrue*, No. 7:09cv263, 2010 WL 3743647, at *4 (W.D. Va. Sept. 22, 2010) (citing *Borders*, 777 F.2d at 955).

The vast majority of the evidence Harvey submitted is not "new." Indeed, Harvey avers that much of the evidence before the Commissioner in his subsequent application for disability is the same as in previous application for disability that was denied and is now before this Court.

(ECF No. 20 p. 3.) The Commissioner does not challenge this characterization of the evidence. Comparison of the Administrative Record before this Court and the "additional" evidence from the subsequent application confirms Harvey's averment. (*Compare* R. 395, 277–80, 288–90, 391–93, 295–390, 255–74, 391, *with* ECF Nos. 20-1, 20-2, 20-4 – 20-9 p. 1.) The only records not before the Commissioner on Harvey's previous application are the subsequent award of benefits (ECF. 20-3), treatment notes from Dr. Nio dated October 5, 2012, to September 12, 2013 (ECF 20-9 pp. 2–20), an imaging study from October 2, 2013 (ECF No. 20-9 p. 21),[1] and a determination of disability for Medicaid (ECF Nos. 20-10, 20-11).

On Harvey's prior application, the Commissioner determined that he had severe impairments of anxiety and depression. (R. 16.) The additional evidence reveals that the Commissioner determined that Harvey was disabled as of August 21, 2012, because of many of the same impairments: "anxiety disorder, panic attacks, depression, and a stress disorder." (ECF No. 20-3 p. 1.) The treatment notes from Dr. Nio document Harvey's symptoms of anxiety, Dr. Nio's assessment of the signs and severity of this condition, and Harvey's course of treatment. (*See* ECF 20-9 pp. 2–20) The notes cover a period of 11 months falling after the ALJ's decision. Dr. Nio opined in October 2012 that Harvey's anxiety disorder had existed for several years (ECF 20-9 p. 2), which would include the period relevant to the ALJ's decision.

Applying the factors in *Borders v. Heckler*, Dr. Nio's treatment records are "new" evidence. The records relate to Harvey's longstanding mental impairment that the ALJ found severe, but not disabling. They apparently formed at least part of the evidentiary basis for the Commissioner's determination on Harvey's subsequent application that he is disabled. Thus, they are material. The records are from a period after the ALJ's decision; therefore, Harvey had

---

[1] The imaging study shows only normal results and, as such, is not material.

good cause for not submitting them earlier. Harvey has made at least a general showing of the nature of the records by submitting them.

In addition to the records from Dr. Nio, the state agency's determination that Harvey is disabled for purposes of Medicaid (ECF Nos. 20-10, 20-11) may provide relevant evidence that the Commissioner should consider. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012); *DeLoatche v. Heckler*, 715 F.2d 148, 150 n.1 (4th Cir. 1983).

Although the subsequent favorable decision finding Harvey disabled as of the day after the decision under review may constitute new evidence that requires remand under sentence six,[2] my recommendation for remand does not rest solely on that basis.

---

[2] In *Hayes v. Astrue*, 488 F. Supp. 2d 560 (W.D. Va. 2007), District Judge James P. Jones found that, under the circumstances in that case, a subsequent determination by the Commissioner that Hayes was disabled was itself new and material evidence warranting remand. *Id.* at 565. Most other judges in this District have agreed with Judge Jones's analysis. *See, e.g.*, *Goode v. Astrue*, No. 6:09cv00045, 2011 WL 926855 (W.D. Va. Feb. 25, 2011) (Urbanski, M.J.), *adopted by*, 2011 WL 926719 (Mar. 15, 2011) (Moon, J.); *Grundy v. Astrue*, No. 5:10cv00053, 2011 WL 2610386 (W.D. Va. July 1, 2011) (Welsh, M.J.) (agreeing with *Hayes* and rejecting contrary authority), *adopted by unpublished order* (Aug. 22, 2011) (Wilson, J.); *Hyde v. Colvin*, No. 4:12cv00040, 2013 WL 5797378, at *7 (W.D. Va. Sep. 19, 2013) (Crigler, M.J.), *R&R rejected in part but adopted in relevant part*, 2013 WL 5786496, at *7,*7 n. 8 (Oct. 18, 2013) (Kiser, J.) (agreeing with Judge Crigler that later finding of disability as of the day after prior unfavorable decision warranted remand and observing that "[o]ne would be hard pressed to say that the second disability occurred all in one day"). *But see Phillips v. Astrue*, No. 7:12cv194, 2013 WL 485949 (W.D. Va. Feb. 5, 2013) (Turk, J.) (disagreeing with *Hayes*).

Not every court agrees with this analysis. In *Allen v. Commissioner of Social Security*, 561 F.3d 646 (6th Cir. 2009), a divided panel of the Sixth Circuit held that "a subsequent favorable decision itself … does not constitute new and material evidence under § 405(g)." *Id.* at 653. The majority opinion emphasized that a sentence six remand would be appropriate only based on new evidence supporting the subsequent decision, and a claimant does not make the "showing" of such new evidence required by § 405 by presenting the favorable decision alone. *Id.* Other courts have adopted the reasoning in *Allen*. *See, e.g.*, *Cunningham v. Comm'r of Soc. Sec.*, 507 F. App'x 111, 120 (3d Cir. 2012); *Kinseth v. Colvin*, No. C 12-3033-MWB, 2013 WL 4457460, at *2 (N.D. Iowa Aug. 20, 2013); *Sayre v. Astrue*, Civ. No. 3:09-01062, 2010 WL 4919492, at *3–6 (S.D. W. Va. Nov. 29, 2010) (finding remand appropriate based on evidence that led to subsequent award, rather than subsequent award itself).

8

Based on this new evidence, I find that remand is appropriate. In his opening brief Harvey requested remand for further proceedings as an alternative remedy. He now opposes this remedy and apparently seeks remand only for an award of benefits. Remand for an award of benefits is appropriate if "the record does not contain substantial evidence to support a decision denying coverage … and … reopening the record for more evidence would serve no purpose."

---

Notably, the Fourth Circuit has also cited *Allen* favorably an unpublished opinion. *Baker v. Comm'r of Soc. Sec.*, 520 F.. App'x 228 (4th Cir. 2013). The Fourth Circuit's opinion is a paragraph long and contains one footnote, which reads:

> We reject Baker's claim that she is entitled to a sentence six remand on the basis of a subsequent administrative decision awarding benefits. See 42 U.S.C. § 405(g) (2006). The subsequent decision pertains to an application for benefits filed by Baker after the date of the unfavorable decision that is the subject of this appeal. "[A] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." *Allen v. Commissioner*, 561 F.3d 646, 653 (6th Cir. 2009). Baker has not met her burden of showing that evidence relied upon in reaching the favorable decision pertains to the period under consideration in this appeal. We conclude that the evidence is not material to the earlier, unfavorable decision.

520 F. App'x at 229 n.*.

In the past year, several district courts have cited *Baker* in refusing to remand cases based on subsequent favorable decisions. *See, e.g.*, *Mannon v. Colvin*, No. 3:12cv07725, 2013 WL 5770524, at *17–19 (S.D. W. Va. Oct. 24, 2013); *Fallon v. Colvin*, No. 2:12cv423, 2013 5423845, at *12 (E.D. Va. Sep. 26, 2013); *Dickens v. Comm'r of Soc. Sec.*, Civ. No. SAG-12-3708, 2013 WL 5340921, at *3–4 (D. Md. Sep. 20, 2013). But just as many courts have declined to follow *Baker*, noting a conflict between that decision and the rationale of *Bird v. Commissioner*, 699 F.3d 337, 343 (4th Cir. 2012), where the Fourth Circuit noted that another agency's disability determination is itself evidence of disability (or nondisability) in Social Security disability proceedings. *See, e.g.*, *Hyde v. Colvin*, No. 4:12cv00040, 2013 WL 5797378, at *7 (W.D. Va. Sep. 19, 2013) (Crigler, M.J.) (distinguishing *Baker* on the grounds that "it does not involve a subsequent award of benefits dated only one day following a prior denial," and agreeing with cases from the Eastern District of North Carolina noting the tension between *Baker* and *Bird*), *R&R rejected in part but adopted in relevant part*, 2013 WL 5786496 (Oct. 18, 2013) (Kiser, J.); *Blackwell v. Colvin*, No. 5:12cv651-FL, 2013 WL 5739097, at *6–7 (E.D.N.C. Oct. 22, 2013) (declining to follow *Baker* because it is unreported and not binding, it failed to address *Bird*, and it is distinguishable because the plaintiff had shown that evidence relied on in reaching the favorable decision also pertained to the relevant period).

9

*Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Such a remedy is not available under sentence six of 42 U.S.C. § 405(g), which provides for remand to allow the Commissioner to consider new evidence.

In recommending remand pursuant to sentence six,[3] I do not pass judgment on the Commissioner's decision. I do note, however, that the Commissioner has deemed Harvey disabled apparently based on evidence very similar to the evidence in the case before this Court. Mindful of this Court's role in reviewing agency decision-making, I find it appropriate to allow the Commissioner the opportunity to determine whether Harvey was disabled prior to August 21, 2012. I have faith that the Commissioner will take up Harvey's case expeditiously.

## IV.  Conclusion

For the foregoing reasons, I respectfully recommend that the Court deny without prejudice the parties' motions for summary judgment (ECF Nos. 9, 13), grant the Commissioner's motion to remand (ECF No. 21), although not under sentence four of 42 U.S.C. § 405(g) as the Commissioner proposed, and remand the case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) to consider whether the subsequent favorable decision and other new evidence warrant a finding that Harvey was disabled prior to August 21, 2012.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings

---

[3] Pursuant to a sentence six remand, the Court shall retain jurisdiction in this matter pending the Commissioner's determination on remand and further action by either of the parties. *See Wilson v. Colvin*, No. 7:13cv113, 2014 WL 2040108, at *5 (W.D. Va. May 16, 2014).

or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: July 25, 2014

Joel C. Hoppe
United States Magistrate Judge